FILED

AUG 30 2016

CLERK, U.S. BANKRUPTCY COURT
WEST DIST. OF PENNSYLVANIA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | |
| | Case No. 13-23855-GLT |
| **PRITHVI CATALYTIC, INC.** | Chapter 11 |
| **n/k/a ABILIUS, INC.,** | |
| Reorganized Debtor. | |
| | |
| **PRITHVI CATALYTIC, INC.** | Adv. Proc. No. 14-02176-GLT |
| **n/k/a ABILIUS, INC., KYKO GLOBAL,** | |
| **INC.,** and **KYKO GLOBAL GMBH,** | |
| Plaintiffs, | Related to Doc. Nos. 215, 254 |
| v. | |
| **MICROSOFT CORPORATION,** | |
| **COLLABERA, INC., BEYONDSOFT** | |
| **CORPORATION, IAN OLSON,** and | |
| **SHANNON KROHN,** | |
| Defendants. | |

## MEMORANDUM OPINION

Before the Court is *Plaintiffs' Motion to Reinstate Counts Nine and Ten of Plaintiffs' Complaint Against Beyondsoft Consulting Inc. Pursuant to Federal Rules of Bankruptcy Procedure 7015 and 7016,*[1] *Federal Rules of Civil Procedure 15 and 16, and Local Bankruptcy Rules 7016-1 and 7008* (the "Motion")[2] and *Defendant Beyondsoft Consulting, Inc.'s*

---

[1] For the purposes of this *Memorandum*, the Federal Rules of Bankruptcy Procedure will be referred to as the "Bankruptcy Rules" and the Federal Rules of Civil Procedure will be designated as the "Civil Rules."

[2] Dkt. No. 215.

1

*Memorandum in Opposition to Plaintiffs' Motion to Reinstate Counts Nine and Ten Against Beyondsoft.*[3]

The Court considers the Motion to be a request to amend the complaint under Civil Rule 15(a)(2), which is applicable to this proceeding pursuant to Bankruptcy Rule 7015.[4] Because the Court will DENY the motion to amend, it need not reach the question of whether the Court's scheduling orders should be modified under Civil Rule 16(b)(4), made applicable to these proceedings by Bankruptcy Rule 7016.

### A.

The Plaintiffs commenced this adversary proceeding on August 21, 2014.[5] Among the allegations contained within the *Complaint*, Count Nine alleged a claim against all defendants for violations of the automatic stay in the Prithvi Catalytic, Inc. bankruptcy case, and Count Ten sought a finding of civil contempt against each defendant "as a result of their actions in violating the automatic stay[.]"[6] Defendant, Beyondsoft Corporation ("Beyondsoft") moved to dismiss the Complaint under Civil Rule 12(b)(6).[7]

On April 8, 2015, the Court entered its *Memorandum Opinion* which dismissed Counts Nine and Ten as to Beyondsoft.[8] The Court found that, "[a]fter reviewing the Complaint and its attachments, the Court cannot identify a specific factual averment to suggest that

---

[3] Dkt. No. 254.

[4] Because Plaintiffs filed the Motion long after the responsive pleadings were filed, they are not eligible to amend the complaint as a matter of course under Civil Rule 15(a)(1).

[5] Dkt. No. 1 (the "Complaint").

[6] Id. at ¶¶ 110-113.

[7] Dkt. No. 36.

[8] Dkt. No. 62. The Court also dismissed Count Four as to Beyondsoft, but that is not at issue in this Motion.

2

BeyondSoft had notice of the Debtor's bankruptcy case when it committed the acts for which recovery is sought."[9] Plaintiffs did not request reconsideration of that ruling.

In the months that followed, the parties engaged in extensive discovery pursuant to a *Joint Discovery Plan and Statement of Estimated Time of Trial dated May 21, 2015* (the "Joint Plan") which included a schedule of pre-trial deadlines agreed to by the parties.[10] Among other deadlines, the *Joint Plan* set September 30, 2015, as the last date to "amend the pleadings to add additional claims or defenses[.]"[11] After conducting a pretrial status conference on June 18, 2015, the Court approved the *Joint Plan* and directed that its terms "shall not be modified except by leave of this Court upon a showing of good cause."[12]

The Court conducted a second pre-trial status conference on October 29, 2015. At the status conference, Plaintiffs proposed an extension of the deadlines established in the *Joint Plan* because the exchange of written discovery was taking longer than originally anticipated.[13] In particular, they requested that the fact discovery deadline be extended only as to the Plaintiffs, thereby affording them an opportunity to depose several defense witnesses.[14] Commensurate with this request, Plaintiffs also asked that other case deadlines, including the date to file an amended complaint, be extended.[15]

---

[9] Id. at p. 22.

[10] Dkt. No. 89.

[11] Id. at ¶ 9.

[12] See *Order (I) Approving Joint Discovery Plan and Statement of Estimated Time of Trial Dated May 21, 2015; (II) Setting Deadline for Filing Certain Motions; and (III) Scheduling a Final Pretrial Conference; and (IV) Setting a Date Certain for Trial dated June 22, 2015*, Dkt. No. 93 (the "First Pretrial Order").

[13] Transcript of October 29, 2015 hearing, Dkt. No. 144.

[14] Id. at p. 10.

[15] Id.

3

Each of the defendants opposed an extension of the discovery period that benefited only the Plaintiffs. Collabera also opposed an extension of the date to file an amended complaint because the deadline had already expired one month before.[16] After considering the parties' arguments, the Court extended the discovery period as to all parties, but it specifically denied Plaintiffs' request to extend the deadline to file an amended complaint.[17] In light of the Court's ruling, the parties submitted their first amended joint discovery plan which was approved by the Court on November 9, 2015.[18]

As the case progressed, the parties agreed to modify the *Joint Plan* on two additional occasions.[19] In each instance, the modifications contained the following language:

> Except as expressly modified herein or as modified in the previous Amended Joint Plan and adopted in the Amended Order, all other terms of the Original Joint Plan and Original Order shall remain in full effect and [remain] binding on the parties.[20]

---

[16]  Id. at p. 13. Beyondsoft did not take a position on the deadline to file an amended complaint.

[17]  The Court's ruling on the matter was as follows:

> With respect to the extent of the extension of the discovery period, I will extend it through the end of January, but I will extend it to all parties. I'm not going to set one set of rules for one party and a different set for the others. I don't see any basis at this point to extend the deadline to file an amended complaint. So that deadline will remain as is.

Id. at p. 24-25.

[18]  See *Amended Order Modifying the Prior Joint Discovery Plan (II) Setting Modified Deadlines for Filing Certain Motions; and (III) Scheduling a Final Pretrial Conference* dated November 9, 2015, Dkt. No. 146 (the "First Amended Joint Plan").

[19]  See *Modified Amended Joint Scheduling Order Modifying the Prior Amended Joint Discovery Plan Between the Parties* dated January 28, 2016, Dkt. No. 193 (the "Second Amended Joint Plan"); *Second Amended Joint Scheduling Order Modifying the Prior Amended Joint Discovery Plan Between the Parties* dated June 10, 2016, Dkt. No. 209 (the "Third Amended Joint Plan").

[20]  *Second Amended Joint Plan* at ¶ 10; *Third Amended Joint Plan* at ¶ 10.

4

Pursuant to the *Third Amended Joint Plan*, the factual discovery period concluded on June 17, 2016.[21]

On July 13, 2016, Plaintiffs filed the current Motion, seeking to reinstate Counts Nine and Ten as to Beyondsoft. Plaintiffs claim that during the course of discovery, they obtained deposition testimony from employees of Microsoft and Beyondsoft which demonstrates that Beyondsoft had knowledge of Prithi Catalytic, Inc.'s bankruptcy case prior to committing the alleged actions which serve as the basis for Plaintiffs' complaint. Beyondsoft, the only defendant targeted in the Motion, opposes the requested relief.

Subsequent to the filing of the Motion, each of the parties filed a motion for summary judgment with the Court.[22] Those motions are set to be heard by the Court on November 4, 2016.

This Court has jurisdiction of this matter under 28 U.S.C § 1334 and 157(b). This is a core proceeding under 28 U.S.C § 157(b)(2)(A).

### B.

Civil Rule 15(a)(2) provides that a party may amend a pleading (including a complaint) "only with the opposing party's written consent or the court's leave." Whether to grant leave to amend under Civil Rule 15(a)(2) is within the discretion of the Court.[23] Leave should be freely given whenever "justice so requires,"[24] unless equitable considerations render it otherwise unjust.[25] Among the factors that may justify denial of leave to amend are undue delay

---

[21]   Id. at ¶ 2.

[22]   See Dkt. Nos. 259, 262, 268, and 271.

[23]   Foman v. Davis, 371 U.S. 178, 182 (1962).

[24]   Fed. R. Civ. P. 15(a)(2).

[25]   Id. at 182; see also Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).

5

and undue prejudice to the opposing party by virtue of the allowance of the amendment.[26] Among these factors, the Third Circuit has repeatedly recognized that "prejudice to the non-moving party is the touchstone for the denial of an amendment."[27] It is also not an abuse of discretion to deny leave to amend to reassert claims that were previously dismissed by the Court.[28] When addressing a request to amend, the burden of proof is on the party opposing the amendment.[29]

### C.

After review of the procedural history of this case, the Court finds that Plaintiffs unduly delayed their request to amend the Complaint. In the nearly 16 months that elapsed before the Motion was filed, Plaintiffs had at least four opportunities to amend the Complaint to reinstate Counts Nine and Ten against Beyondsoft. The failure to timely act now precludes them from asserting the claims at this late juncture.

As noted above, the deadline to file an amended complaint was established early in the case. Pursuant to the *Joint Plan*, the parties agreed that September 30, 2015 would be the last day to amend the pleadings.[30] When it approved the *Joint Plan*, the Court directed the

---

[26] Foman, 371 U.S. at 182.

[27] Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).

[28] Wakeen v. Hoffman House, Inc., 724 F.2d 1238, 1244 (7th Cir. 1983) ("It is not an abuse of discretion to refuse a request to amend when the proffered amendment . . . reasserts a claim previously determined."); DCD Progs., Ltd. v. Leighton, 833 F.2d 183, 188 (7th Cir. 1987); McDonald v. Thomas, 1991 Dist. LEXIS 4433, at *10 (S.D.N.Y. Apr. 8, 1991).

[29] Chancellor, 501 F. Supp. 2d at 701-02.

[30] Dkt. No. 89.

parties to comply with the agreed-upon schedule and cautioned that it would not be amended without "leave of this Court upon a showing of good cause."[31]

Plaintiffs sought an extension of the deadline to file an amended complaint on only one occasion, and it was after the deadline had already expired. At the October 29, 2015 status conference, Plaintiffs proposed to extend the deadline in conjunction with an extension of the discovery period to accommodate several depositions.[32] Collabera opposed an extension, claiming that there is "no reason why at this late stage in the case any party at this point could have the ability to amend their complaint[.]"[33] The Court agreed with Collabera's reasoning and denied the request.[34] Several days later, the Court approved the *First Amended Joint Plan*, changing various deadlines but not the deadline for filing amended pleadings.[35]

Although the parties agreed to modify the *Joint Plan* on two subsequent occasions, they did not alter the deadline to file amended pleadings.[36] To the contrary, each modification contained language in paragraph 10 confirming that unless a deadline was "expressly modified," the original dates in the Joint Plan shall "remain in full effect and [remain] binding on the parties."[37] Because the deadline to amend pleadings was never altered, each subsequent scheduling order preserved September 30, 2015 as the last date to file an amended complaint.

---

[31] Dkt. No. 93.

[32] Hr'g Tr. 11:17-19 (Oct. 29, 2015).

[33] Hr'g Tr. 13:7-9.

[34] Hr'g Tr. 25:1-2.

[35] Dkt. 143, 146.

[36] See *Second Amended Joint Plan*, Dkt. Nos. 192, 193; *Third Amended Joint Plan*, Dkt Nos. 206, 209.

[37] *Third Amended Joint Plan*, Dkt. No. 209 at ¶ 10.

The scheduling orders are significant for two reasons. First, each time Plaintiffs consented to a modification of the *Joint Plan*, they affirmatively approved the language in paragraph 10 which kept all remaining dates in place. At no time did Plaintiffs seek to preserve their ability to amend the Complaint at a later time. Instead, all defendants (and the Court) were led to believe that the pleadings were closed. Secondly, the *Third Amended Joint Plan* was submitted by the parties on June 7, 2016, almost two months after the depositions of Soon Chong (April 6, 2016) and Tammy Joy (April 20, 2016), and weeks after the deposition of Alvin Yang (May 25-26, 2016). In the Motion, Plaintiffs rely on these depositions for proof that Beyondsoft knew of the bankruptcy at the time of committing the alleged acts. To the extent Plaintiffs believed these depositions changed the landscape of their claims, they should not have consented to the *Third Amended Joint Plan* in its entirety if they planned to challenge the September 30, 2015 deadline in the coming weeks.

Plaintiffs' dilatory behavior was never justified. It was possible to amend the Complaint prior to the September 30, 2015 deadline to correct the defect noted in the Court's *Memorandum Opinion*.[38] After the deadline passed, Plaintiffs had four subsequent opportunities

---

[38] It is important to understand that the Court was ruling on a fundamental deficiency in the pleading. Knowledge of the bankruptcy is an essential element in establishing a willful violation of the stay. In re University Medical Center, 973 F.2d 1065, 1087-88 (3d Cir.1992) (holding that a willful violation of the automatic stay occurs when a creditor violates the stay with knowledge that a bankruptcy petition has been filed.). This deficiency could have been cured early in the proceeding by making an amendment to the Complaint prior to September 30, 2015 which alleged that Beyondsoft knew of the bankruptcy at the time it committed the acts upon which this action is based. Detailed proof, such as deposition testimony or other similar evidence, is not required at the complaint stage. Bankruptcy Rule 7008 (incorporating Civil Rule 8(a)).

The Court considers Plaintiffs' concern that, without proof to back up the allegations in the Complaint, they might be subject to sanctions under Bankruptcy Rule 7011 (Civil Rule 11). If Plaintiffs were uncertain that Beyondsoft knew of the bankruptcy when they prepared the Complaint, they should not have included Beyondsoft as a defendant in Count Nine in the first place. Chancellor v. Pottsgrove Schl. Dist., 501 F.Supp.2d 695, 701 (E.D. Pa. 2007) (holding that "a party is presumptively not diligent if, at the commencement of the lawsuit, the party knows or is in possession of the information that is the basis for that party's later motion to amend.").

to preserve their request for an extension, but in each instance, they failed to act. Instead, they agreed to language confirming that the date was not altered. And when they finally had what they incorrectly believed was necessary proof for their allegation, they still waited another month after the *Third Amended Joint Plan* was approved before filing the Motion.

This litigation strategy is explicitly rejected in this circuit.[39] As the Third Circuit observed in Maersk, delay alone is not sufficient to justify denial of leave to amend. "However, at some point . . . delay will become 'undue,' placing an unwarranted burden on the court . . . [and] an unfair burden on the opposing party."[40]

Substantial or undue prejudice to the non-moving party also constitutes a sufficient ground for denial of leave to amend.[41] The issue of prejudice focuses on the hardship to the defendants if the Court grants the amendment. Specifically, the Third Circuit considers "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories."[42]

After the Court dismissed Counts Nine and Ten against Beyondsoft, Plaintiffs failed to take any overt action to reinstate the claims over the ensuing year while discovery

---

[39] Maersk, 434 F.3d at 204 ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied."); Delaware Display Grp. LLC v. Lenovo Grp. Ltd., 2016 WL 720977, at *9 (D. Del. February 23, 2016) (same); Trunzo v. Citi Mortg., 43 F. Supp. 3d 517, 521 (W.D. Pa. 2014) (same); see also Jang v. Boston Scientific Scimed, Inc., 729 F.3d 357, 368 (3d Cir. 2013) (Discussing an unjustified delay in seeking to amend a pleading, "This court has declined to reward a wait-and-see approach to pleading."); In re Adams Golf, Inc. Secs. Litig., 381 F.3d 267, 280 (3d Cir. 2004) ("Plaintiffs relied at their peril on the possibility of adding to their complaint[.]").

[40] Maersk, 434 F.3d at 204 (quoting Cureton v. National Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001)).

[41] Maersk, 434 F.3d at 204 (quoting Cornell & Co. v. Occupational Safety & Health Rev. Comm'n., 573 F.2d 820, 823 (3d Cir. 1978)).

[42] Cureton, 252 F.3d at 273.

remained open.[43] At the conclusion of discovery, Beyondsoft could fairly assume that it would not have to defend against a stay violation claim. It is noteworthy that the violation of stay claim is fundamentally different from the other claims asserted against Beyondsoft and the other defendants. The other claims are standard common law arguments based in tort and contract law. A violation of the stay is a statutory claim under the Bankruptcy Code. It is a "new theory" that Beyondsoft would need to separately examine. Indeed, since the arguments presented in the summary judgment motions currently involve the relations among the parties and how each defendant may have learned of the bankruptcy through other parties, it is conceivable that all Defendants as well as the Plaintiffs would need to reexamine their arguments concerning a violation of the stay.[44]

Depositions and other discovery are completed. During the past year, the parties exchanged thousands of documents and arranged for several cross-country and at least one cross-border deposition of numerous witnesses. The Court now observes that if an amendment is permitted at this juncture, Beyondsoft claims it will need to reopen discovery.[45] The Court is

---

[43] Plaintiffs maintain that in the course of identifying areas of inquiry for its Civil Rule 30(b)(6) deposition of Beyondsoft, it listed "knowledge of the bankruptcy case" as a potential topic. Through their subsequent questioning on this subject, Plaintiffs believe they put Beyondsoft on notice that they had not yet abandoned their claims under Counts Nine and Ten. The Court rejects this argument because there is nothing on the docket which reflects Plaintiffs intent to preserve these claims after the September 30, 2015 deadline had passed and their request for a belated extension was denied. While it is not uncommon for litigants to pursue questioning on a wide array of relevant topics during discovery, it was not reasonably foreseeable that Plaintiffs would attempt to resuscitate Counts Nine and Ten when they previously acknowledged that the deadline to file an amended complaint had passed and would not be extended in subsequent modifications of the *Joint Plan*.

[44] Glosser v. S & T Bank (In re Ambulatory Medical & Surgical Health Care, Inc.), 187 B.R. 888, 900 (Bankr. W.D. Pa. 1990) ("it is significant if the nature of the litigation would be greatly altered and defendants would have to pursue an entirely new and different defense at the eleventh hour.").

[45] In its opposition to the Motion, Beyondsoft indicates that it would likely seek to reopen discovery and take additional depositions. Plaintiffs argue that Beyondsoft needs no additional discovery to internally discern whether it had knowledge of the bankruptcy case. Although Plaintiffs' argument has some initial appeal, knowledge is only one element required to establish a stay violation. Based on the record before it, the Court cannot safely conclude that Beyondsoft had a sufficient opportunity to conduct discovery on the remaining elements, nor can it conclude that the cost of additional discovery would be insignificant.

very concerned that reopening discovery will add significant costs to a case in which substantial legal fees have already been incurred. Notably, the parties have frequently complained that discovery involves expensive national travel and complicated scheduling arrangements, which are at least partially responsible for the millions in fees and expenses the parties have allegedly incurred so far in this case.

The Court is also on the verge of considering the summary judgment motions filed by each of the parties. Reopening discovery at this stage of the proceedings would require a further change to the *Joint Plan* with its concomitant domino effect on the Court's schedules and burden.

The purpose of a pretrial scheduling order is to provide a framework for the litigants to follow. It also instills a sense of finality at certain stages of the proceeding, allowing the parties to transition from one phase of the case to the next. In this instance, the discovery phase is over and it is time to focus on dispositive motions and trial preparations. Given this posture, the Court is unwilling to rewind the clock and revisit discovery, especially when Beyondsoft and possibly other defendants would be prejudiced by the additional discovery expenses associated with an amended complaint.

**D.**

The claims Plaintiffs now seek to assert were not uncovered through written discovery, nor did deposition testimony reveal the existence of a cause of action that was previously unknown. To the contrary, Plaintiffs identified potential stay violations against each defendant from the outset of the case. After the Court dismissed the claims as to Beyondsoft, Plaintiffs neglected to pursue a timely amendment to keep the claims viable. When balancing the equities and the potential harm to each party caused by the prospect of a late amendment, the

Court cannot ignore that Plaintiffs could have easily avoided controversy with prompt action, whereas Beyondsoft could reasonably expect that Plaintiffs were no longer interested in pursuing those claims when the amendment deadline expired without extension.

Based on the foregoing, the Court concludes that Plaintiffs unduly delayed, without acceptable explanation, the filing of their request to amend the Complaint to assert claims for violations of the automatic stay and civil contempt against Beyondsoft. Plaintiffs had numerous opportunities to file the amendment and failed to do so. As it also appears that an amended complaint will cause undue prejudice to Beyondsoft by adding to the discovery costs at this late juncture, the Court finds the Motion is not well taken.

An appropriate Order will follow.

August 30, 2016

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Case Administrator to mail to:
Kristi A. Davidson, Esq.
Christina Magulick, Esq.
Office of the United States Trustee